**Emmanuel S. ROBINSON, Appellant**

v.

**DISTRICT OF COLUMBIA, et al., Appellees**

No. 16-7104

September Term, 2016

United States Court of Appeals, District of Columbia Circuit.

Filed On: February 1, 2017

Emmanuel S. Robinson, Pro Se

Loren L. AliKhan, Deputy Solicitor General, Todd Sunhwae Kim, Solicitor General, Mary Larkin Wilson, Assistant Attorney General, Office of the Attorney General, District of Columbia, Office of the Solicitor General, Washington, DC, for Defendant-Appellee District of Columbia

Loren L. AliKhan, Deputy Solicitor General, Office of the Attorney General, District of Columbia, Office of the Solicitor General, Washington, DC, for Defendants-Appellees Muriel Bowser, Yvette M. Alexander, Yulondra Barlow, Rayna Smith, Kelly Valentine, Charles J. Willoughby, Eugene Irvin, Karen Shepard, Andrea Comentale

BEFORE: Henderson, Brown, and Pillard, Circuit Judges

## JUDGMENT

Per Curiam

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing, and the motion to appoint counsel, it is

**ORDERED** that the motion to appoint counsel be denied. In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's order filed August 2, 2016 be affirmed. Appellant does not challenge the district court's dismissal of his claims against the individual defendants. See U.S. ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004) (argument not made on appeal is deemed waived).

With respect to dismissal of the complaint against the District of Columbia for failure to state a claim, a suit under 42 U.S.C. § 1983 must state a claim for a predicate constitutional violation. See Baker v. District of Columbia, 326 F.3d 1302, 1306 (D.C. Cir. 2003). The district court correctly held that the Eighth Amendment is not applicable because appellant is not in government custody. See City of Revere v. Mass. General Hosp., 463 U.S. 239, 244, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983); DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189, 199-200, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989). And there is no general constitutional right to medical care for individuals who are not in government custody. See DeShaney, 489 U.S. at 200-01, 109 S.Ct. 998.

In addition, the district court properly held that appellant failed to state a procedural due process claim because he did not "suggest 'what sort of process is due.'" Elkins v. District of Columbia, 690 F.3d 554, 561 (D.C. Cir. 2012) (quoting Doe by Fein v. District of Columbia, 93 F.3d 861, 869 (D.C. Cir. 1996)). Appellant also fails to state a substantive due process claim because he has alleged no "conduct that 'shocks the conscience,' ... or interferes with rights 'implicit in the concept of ordered liberty.'" U.S. v. Salerno, 481 U.S. 739, 746, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987) (quoting Rochin v. California, 342 U.S. 165, 172, 72 S.Ct. 205, 96 L.Ed. 183 (1952); Palko v. Connecticut, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288 (1937)).

To the extent appellant raises additional claims for the first time on appeal, this court declines to consider them. See United States v. Stover, 329 F.3d 859, 872 (D.C. Cir. 2003).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.